## WACHSMAN v. WACHSMAN et al.

### No. 286.

Circuit Court of Appeals, Second Circuit.

Aug. 2, 1937.

Ivan Konigsberg, of New York City, for complainant-appellant-appellee Jacob Wachsman.

John L. Ketcham, of New York City, for defendant-appellee and counterclaimant-appellant Adolph Wachsman.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

930

AUGUSTUS N. HAND, Circuit Judge.

This suit is concerned with automatic electrical stop mechanisms for knitting machines known as "stop motions." The complainant appeals from that part of the decree which dismissed the bill with respect to United States reissue patent No. 19,-069, and the defendant Adolph Wachsman appeals from that part of the decree which dismissed his counterclaim on United States patent No. 1,358,483. The claims of the reissue patent No. 19,069 to Jacob Wachsman relied on are Nos. 1, 2, 3, 5, 8, 9, and 10, and those of patent No. 1,358,483 to Adolph Wachsman relied on are Nos. 1, 2, and 3. Both patents relate to devices used on knitting machines for the purpose of stopping the machines if a knot occurs in a thread or if a thread breaks or runs out. When such contingencies arise, the devices so operate as to close an electric circuit and stop the machine. The devices are either knot detectors or end detectors, depending upon the function they are at the time performing.

Reissue Patent No. 19,069, granted to Complainant Jacob Wachsman.

In this patent the stop mechanism is included in an electric stop circuit and is provided with a plurality of yarn supporting levers so arranged that during the normal operation of the knitting machine the yarn keeps the levers in a circuit open position, but, when a knot occurs in the yarn, one of the levers, is moved to a circuit closing position and, when the yarn breaks, the other lever is moved to close the circuit. The closing of the circuit in either event operates to stop the machine.

The patentee says in the specification that it is an object of his invention "to provide a gravity actuated lever which will tend to lift the thread off the surface of the spring-held lever arms, thereby to reduce the area of contact between the thread and these parts, instead of having the gravity actuated lever press the thread down on the surface of the spring-held lever arms as in prior structures." It is mainly because of the lifting operation of the gravity lever that the patentee is thought to have made a contribution to the mechanism of the earlier electric stop machines which has shown practical merit and required inventive thought.

Judge Campbell held in the District Court that the lifting operation of the gravity lever could not be considered important because the fixed guard of the device would deprive the lifting operation of any particular importance by limiting its operations to negligible dimensions, but in the end he only dismissed the bill for noninfringement and did not pass upon the validity of the patent. In our opinion the suit must be dismissed irrespective of failure to establish any infringement because the patent lacks invention.

We think that United States patent No. 706,840 to Martin & Palmer is sufficiently close to preclude invention over what is there disclosed.

Figures 1 and 2 of that patent show a spring-held lever supporting the thread on which a gravity lever rests ready to swing into contact, close the electric circuit and thereby stop the knitting machine whenever a knot in the thread pulls down the spring lever so that the thread slips off its arm and by ceasing to support the gravity lever causes the latter to fall and make the contact. It is also a feature of the Martin & Palmer patent that, if the thread breaks or runs out and thereby ceases to support the gravity lever, the latter will swing into contact and stop the machine. The Martin & Palmer patent, therefore, shows a knot detector and an end detector operating on the same principles as the patent in suit. The chief difference between the two patents is that in the patent in suit the gravity lever supports the thread, while in Martin & Palmer it rests upon the thread. This feature of Martin & Palmer is also shown in United States patent No. 1,784,560 to Jacob Wachsman which the trial court held invalid in the present suit. There is the further difference that in Martin & Palmer the gravity lever acts both as a knot detector and an end detector and is the only member that makes a contact and stops the machine, whereas in the patent in suit the spring lever when pulled down will act as an additional knot detector and close the circuit, whereas the gravity lever will act as the only end detector. Though, because of the foregoing, it is true that the patent to Martin & Palmer did not literally anticipate the reissue patent, we think that no more than mechanical skill was required to develop the changes of the patent in suit. The most important purpose served by the gravity lever in all these devices is to act as a switch and make a contact that causes the knitting machine

to stop running when there is a knot in the thread or where the thread breaks or runs out. We have carefully examined the testimony and find nothing to indicate that the device described by Martin & Palmer was not entirely practicable. It had all the important features of the patent in suit and achieved the same results by only slightly different means. The modifications were not substantial and, in our opinion, required no more than routine capacity rather than that talent which is demanded to justify the granting of a patent.

One form of the device described in the patent in suit includes a fixed guard which complainant says is useful when a thread in the knitting machine develops a slack in preventing the gravity lever from stopping the machine needlessly and the thread from jumping off the spring-held lever arm. Most of complainant's devices are sold without guards but, if the need for a guard should arise, it would be a simple matter requiring no inventive skill to introduce one.

The advantages claimed for a gravity lever which, like the one in the patent in suit underlies the thread, are not borne out by the testimony. Indeed, many, if not most, of the supposed advantages are based on arguments in complainant's brief rather than on evidence. One of them on which complainant lays much stress is that his construction reduces friction by lifting the thread away from the spring-held lever. But the thread is bound to rest on the spring-held lever except when the tension is very slight or when on occasion a slack develops in the thread. Accordingly the extent to which under normal running conditions the thread will be lifted by the gravity lever depends almost entirely on the tension which is readily adjustable and can and must be adjusted on all such knitting machines. The second advantage which complainant attributes to his form of gravity lever is that it prevents "jump outs" by forming an enclosure when there is a slackening in the thread. Increased tension will act as a preventive and so will a structure such as defendant uses in which a fixed hook passes into a slot in the spring-held lever. The effectiveness of the gravity lever in providing an enclosure is disputed and in any event such a detail involves no invention. The other supposed advantages relied on are based on intricate arguments rather than convincing proof and

seem to us to lack substantial foundation. As we have already suggested, if a gravity lever were found useful in lifting the thread, it required no talent to introduce one into the mechanism. It is not every change or even every improvement in a crowded art that will justify the granting of a patent monopoly.

**Counterclaim Based on Alleged Infringement by Complainant of United States Patent No. 1,358,483 Granted to Defendant Adolph Wachsman.**

The claims of the foregoing patent for a knot detector were strictly limited by our decision in Wachsman v. Wachsman, 47 F.(2d) 579. In that litigation Adolph Wachsman, the defendant herein, sought to have the falling gravity lever, Exhibit T, of complainant's former device, which serves as an end detector, construed as the equivalent of a "hooked member cooperating with" the "slot" of claim 1 and a "hooked member * * * cooperating with the lever so as to normally form an enclosed space for the passage of the thread to the knitting machine" of claim 3. We held that the claims were not broad enough to justify such an interpretation and limited them to a device having a "fixed hooked member and a slotted member embracing the former." In the present suit Adolph Wachsman again seeks to broaden the claims of his United States patent No. 1,358,483 so as to cover Exhibits 20 and 0 made by the complainant which have a fixed guard. He argues that this guard with the gravity lever normally forms an enclosed space for the passage of the thread. Whatever we might have thought of the validity of this patent had United States patent No. 451,682 to Townsend, which appears for the first time in the present record, been before us on the former appeal, it is entirely clear that there can be no reason for expanding the claims which were limited by our former decision to a fixed hook inserted in a slotted spring-held lever so far as to treat the guard as the equivalent of a fixed hook. It may be that each device provided an "enclosed space," but such an enclosed space was old and the patent to Martin & Palmer shows one. Complainant's devices are principally sold without guards and, if an enclosed space is found to be important under certain conditions to provide a more reliable housing for the thread so that when a slack occurs it cannot jump

out, it would seem simple to arrange such a space. But the construction would have to depend for validity on its particular form and usefulness and the defendant should obtain no monopoly covering enclosed spaces in general. The idea and its possible embodiments are altogether too commonplace matters to justify such a control over the art. We think it clear that the complainant has not infringed United States patent No. 1,358,483, and that the counterclaim was properly dismissed.

Claims 1, 2, 3, 5, 8, 9, and 10 of the reissue patent No. 19,069 to Jacob Wachsman are void for lack of invention and claims 1, 2, and 3 of United States patent No. 1,358,483 to Adolph Wachsman are not infringed. The bill and the counterclaim were each properly dismissed by the District Court and its decree is accordingly affirmed without costs.